SUE FAHAMI
Acting United States Attorney
Nevada Bar No. 5634
DAVID C. KIEBLER
Nevada Bar No. 16724
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
David.Kiebler@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:24-CR-103-JAD-DJA |
| Plaintiff, | **Stipulation Modify the Plea Agreement as to Omar Ortiz Negrete, aka "Raul Guzman Ortiz," and Order** |
| v. | |
| OMAR ORTIZ NEGRETE, aka "Raul Guzman Ortiz," | |
| Defendant. | |

The United States of America and Omar Ortiz Negrete, aka "Raul Guzman Ortiz," and his counsel, Christopher Mishler, agree as follows:

1. The government and Omar Ortiz Negrete, aka "Raul Guzman Ortiz," seek to modify the Plea Agreement (ECF No. 43) only as to the property listed for forfeiture. The Plea Agreement will remain in effect as to all other aspects of the agreement.

2. The defendant knowingly and voluntarily:

    a. Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

        i. a black, privately manufactured 22-caliber pistol, no serial number;

        ii. a Mossberg 500, 12-gauge shotgun, serial number H858806;

        iii. a black AR-15 style firearm with a silencer/suppressor, no serial number;

          iv. Raven Arms .25-caliber pistol, serial number 775452; and

          v. any and all compatible ammunition

(all of which constitutes property);

    b. Agrees to the civil judicial forfeiture and the criminal forfeiture of the property;

    c. Forfeits the property to the United States;

    d. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

    e. Waives defendant's right to any civil judicial forfeiture proceedings and any criminal forfeiture proceedings of the property (proceedings);

    f. Waives service of process of any and all documents filed in this action and any proceedings concerning the forfeiture of the property arising from the facts and circumstances of this case;

    g. Waives any further notice to defendant, defendant's agents, or defendant's attorney regarding the forfeiture and disposition of the property;

    h. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

    i. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution;

2

  j. Waives all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution;

  k. Waives all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution;

  l. Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the property in any proceedings under *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021);

  m. Waives the right to appeal any Order of Forfeiture;

  n. Agrees the property is forfeited to the United States;

  o. Agrees the property is forfeited to the United States and can be taken into custody immediately by the USAO;

  p. Agrees and understands the civil administrative forfeiture, the civil judicial forfeiture, and the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, and any other penalty the Court may impose upon defendant in addition to the forfeiture;

  q. Agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and 32.2(e);

  r. Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution;

  s. Agrees to take all steps as requested by the USAO to pass clear title of any forfeitable assets to the United States and to testify truthfully in any judicial forfeiture

///

proceedings. Defendant understands and agrees that the property represents facilitating property of illegal conduct and is forfeitable; and

t. Admits the property is any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(5)(A) and is subject to forfeiture under 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c).

3. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

4. This Stipulation contains the entire agreement between the parties.

5. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

6. The persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of this Stipulation.

7. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

8. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

9. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____　　　　DATED: 3/24/2025

BROWN MISHLER, PLLC  3/25/25

_____　　　_____
CHRISTOPHER MISHLER　　　　　　DAVID KIEBLER
Counsel for OMAR ORTIZ NEGRETE　Assistant United States Attorney

SUE FAHAMI
Acting United States Attorney

DATED: 3/25/25

_____
OMAR ORTIZ NEGRETE,
    Aka "Raul Guzman Ortiz"

IT IS SO ORDERED:

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE
DATED: March 25, 2025